UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TERRY EDWARD ELLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-108-PLR-HBG |
| | ) |
| SGT. JOSH SMITH, STEVE ELLIS, | ) |
| and MARK ELLIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, an inmate confined in the Claiborne County Jail, filed a complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 against Defendants setting forth various incidents during his confinement [Doc. 2], a supplement thereto [Doc. 7], and an "affidavit of complaint" [Doc. 8]. On December 3, 2019, the Court entered an order finding that Plaintiff's filings did not state a claim upon which relief may be granted under § 1983 but allowing Plaintiff fifteen days from the date of entry of the order file an amended complaint [Doc. 9]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this case for want of prosecution and failure to comply with Court orders [*Id.* at 8]. More than thirty days have passed and Plaintiff has not filed an amended complaint or otherwise communicated with the Court. Accordingly, for the reasons set forth below, the Court will **DISMISS** this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. &*

*Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).  The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault.  Specifically, it appears that Plaintiff received the Court's order, but chose not to comply therewith.  As such, the first factor weighs in favor of dismissal.  As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.  As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].  Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective.  Plaintiff is a prisoner proceeding *in forma pauperis* [Doc. 6] in this matter and has not responded to the Court's order.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).  Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**